OPINION
The State of Ohio appeals from a judgment of the Logan County Court of Common Pleas determining the sexual offender classification status of defendant-appellee, Richard W. Sheeley.
On February 15, 2000, defendant was indicted on nine counts of violating R.C. 2907.05(A)(4), gross sexual imposition, and one count of violating R.C. 2907.02(A)(1)(b), rape. Defendant pled guilty to three counts of gross sexual imposition and the other counts were dismissed. On July 17, 2000, the trial court conducted the sexual offender classification and sentencing hearing. The trial court found defendant not to be a sexual predator, but to be a habitual sex offender. The court then sentenced him to two years incarceration on each count, with the sentences to be served consecutively.
The State now appeals, raising the following two assignments of error:
 The Court erred by not imposing the requirement that the Defendant-Appellee be subject to the community notification provisions pursuant to Ohio Revised Code Section 2950.09 in conjunction with the finding that he is a habitual sex offender.
 The Court erred in finding that Richard W. Sheeley is not a sexual predator because there is sufficient evidence to label him a predator.
 We begin our analysis by addressing the State's second assignment of error. The State asserts that there was sufficient clear and convincing evidence to support a determination that defendant is a sexual predator.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The factors that a trial court must consider when making its determination whether the offender is a sexual predator include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim of the sexually oriented offense; (4) whether the sexually oriented offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has completed his sentence for any prior criminal offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the offense; and (10) any additional behavioral characteristics that contributed to the offender's conduct. See R.C. 2950.09(B)(2).
Finally, R.C. 2950.09(B)(3) states: "After reviewing all testimony and evidence presented at the hearing * * * and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." We also note that the General Assembly has declared that sexual predators "pose a high risk of engaging in further offenses" and that "protection of members of the public" from these offenders is a "paramount governmental interest." R.C. 2950.02(A)(2). See, also, State v. Cook (1998),83 Ohio St.3d 404, 406.
Gross sexual imposition, a violation of R.C. 2907.05(A)(4), is a sexually oriented offense. R.C. 2950.01(D)(1). At defendant's sexual offender classification hearing, the presentence investigation report was made part of the record. The prosecutor informed the trial court that defendant's current conviction on three counts of gross sexual imposition involved multiple victims, ages eight to twelve years old. The prosecutor also directed the court's attention to defendant's record of a prior conviction for gross sexual imposition in 1993. At that time, defendant's victim was his five-year-old son.
After acknowledging defendant's prior record, defense counsel outlined the fact that defendant successfully completed the sexual offender program while on probation, as well as went through substance abuse and mental health counseling. In addition, counsel brought to the trial court's attention that defendant's current age is thirty-eight. The trial court specifically found that given the defendant's age and his compliance with past programs it could not find that defendant would likely re-offend.
However, applying the R.C. 2950.09(B)(2) factors applicable to the case, we find here that the two specific factors the trial court relied upon in making its decision are entirely contradicted by the factual record, given that following all of this counseling and probation, at the age of thirty-eight, defendant proceeded to engage in conduct involving multiple sexually oriented offenses and multiple victims between eight and twelve years of age. As a result, the two factors relied upon by the trial court, together with the lapse of time between offenses, clearly show in this case that the present character and condition of the defendant are such that he is likely to engage in the future in a sexually oriented offense. In view of the totality of the evidence before the trial court, we find that the court erred in reaching its determination that defendant is not a sexual predator. The State's second assignment of error is sustained.
Accordingly, defendant is found to be a sexual predator and this cause is remanded to the trial court for further proceedings consistent with this opinion. Furthermore, inasmuch as the community notification provisions apply automatically to sexual predators, Cook, supra, at 417, we find the State's remaining assignment of error to be moot.
 ________________________ SHAW, J.
 HADLEY, P.J. and BRYANT, J., concur.